UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REBECCA ROTHBERG,

    Plaintiff,

    v.

CRUNCH LLC, et al.,

    Defendants.

                              /

No. C 12-4261 PJH

**ORDER REMANDING CASE**

        This is a wage-and-hour case filed as a proposed class action, alleging claims under California law. Defendants are Crunch LLC, AGT Crunch Acquisition LLC, and NEFC Crunch LLC. The case was originally filed in the Superior Court of California, County of San Francisco, on April 4, 2012, and was removed by defendants on August 13, 2012, based on diversity jurisdiction.

        A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740, 747 (2012) (quoting 28 U.S.C. § 1331); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) ("[f]ederal courts have no power to consider claims for which they lack subject-matter jurisdiction").

        The removal statutes are construed restrictively, so as to limit removal jurisdiction. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). The party

seeking removal carries the burden of establishing federal court jurisdiction.  <u>Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka</u>, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992)).  Any doubts as to the right of removal must be resolved in favor of remanding to state court.  <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1252 (9th Cir.2006).  The district court "shall" remand the case if it appears before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); <u>see also</u> <u>Carlsbad Technology, Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 638 (2009).

In the present case, defendants allege in the notice of removal that Crunch LLC "is a Delaware entity with its principal place of business in New York," Notice of Removal ¶ 9; that AGT Crunch Acquisition LLC "is a Delaware entity with its principal place of business in New York," <u>id.</u> ¶ 11; and that NEFC Crunch LLC "is a Delaware entity with its principal place of business in Lafayette, California," <u>id.</u> ¶ 12.

While defendants appear to be alleging diversity jurisdiction based on the test for citizenship of corporations, none of the three defendants is a corporation.  Rather, each is identified as a limited liability company ("LLC").  An LLC "is a citizen of every state of which its owners/members are citizens."  <u>Johnson v. Columbia Properties Anchorage</u>, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, the notice of removal was defective on its face because it did not allege the citizenship of the owners/members of the defendant LLCs.  Because defendants failed to meet their burden of establishing removal jurisdiction, the case must be remanded for lack of subject matter jurisdiction.

Accordingly, it is hereby ORDERED that this case be remanded to the Superior Court of California, County of San Francisco.  This order terminates any pending motions.  The October 17, 2012 hearing is VACATED.

**IT IS SO ORDERED.**

Dated:  October 10, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge